WALTER SIMPSON v. THE STATE.

No. 3203.    Decided February 8, 1905.

**Aggravated Assault—Jury and Jury Law.**

Where part of the jury who tried defendant for carrying a pistol and had found him guilty, sat on his case for aggravated assault, the two offenses growing out of the same transaction, there was reversible error, notwithstanding the judge certified that upon voir dire, the jurors stated they had formed no opinion, and that no evidence had been introduced on the trial of the pistol case which tended to show that defendant was guilty of an aggravated assault.

Appeal from the County Court of Tarrant.    Tried below before Hon. R. F. Milam.

Appeal from a conviction of aggravated assault; penalty, a fine of 100 and twelve months confinement in county jail.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a conviction for aggravated assault, fine imposed being $100 and twelve months confinement in the county jail.

Bill of exceptions shows that twelve jurors were on the regular panel, six of whom had been engaged on the trial of appellant on a charge of carrying a pistol, and had just rendered a verdict of guilty therein. The court inquired of the jurors engaged on the trial of the pistol case, if by reason of hearing the evidence they had formed any opinion as to the guilt of defendant in this case, and they each answered they had, but that they could give him a fair trial: The court then ordered the clerk to make out the jury-list, including the six jurymen who had sat on the trial of the pistol case. Defendant objected, for the reason that both cases grew out of the same transaction; that the same evidence would be used in this case as in the trial of the pistol case, and that these jurymen had prejudged the case. The court overruled the objection. Whereupon defendant used his three challenges, leaving two of the jurymen who sat on the pistol case on the jury in this case. Defendant having no further challenges was forced to go before the jury with these men upon it. Appended to the bill presenting this matter is the following explanation of the court: "That

when defendant was on trial for the offense of carrying a pistol, there was no evidence introduced tending to show defendant was guilty of aggravated assault; that the six jurors who tried defendant on the pistol case were each asked by the court, if they had formed an opinion as to the guilt or innocence of the defendant in the aggravated assault case. Two of said jurors announced they had formed an opinion, and were promptly excused by the court. The other four jurors announced they had formed no opinion. The court allowed them to remain on the panel, for the reason that there had been no evidence introduced on the trial of the pistol case which tended to show defendant was guilty of an aggravated assault. The explanation itself shows that the court had doubt as to whether or not the jurors had formed an opinion as to the guilt or innocence of defendant in the aggravated assault case; and states that two of the jurors announced they had, which two were excused. This clearly shows that evidence pertaining to the aggravated assault case must have been introduced before that jury. The Constitution guarantees to defendant a fair and impartial jury. We think this bill shows appellant was not guaranteed this constitutional right. It was but one transaction, and the jury having assessed a penalty against defendant for carrying a pistol, could not be called again to try him for an aggravated assault, growing out of the same matter. Accordingly, we hold that the court erred in forcing appellant to take members of the jury that had tried him in the pistol case.

There are various bills of exception in the record, but they are defective, under the rules of this court and cannot be reviewed. In view of another trial, however, we suggest that it would not be proper or legitimate testimony to prove other crimes, such as carrying a shot gun for prosecutor at another and different time. Nor should it be permitted for the State to introduce testimony showing defendant was in the act of stealing corn at the time prosecutor assaulted him. If he is guilty of any other crime than that for which he is on trial, he should be indicted and tried for that and permitted to make his defense. However, the bills are so defective that this statement is made from a legal inference rather than from the accuracy of the statements in the bills.

The evidence shows that the assault was made with a pistol, which is not per se a deadly weapon, in the manner used.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.